**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INTENT IQ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTABLE TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 2:26-cv-00609<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ" or "Plaintiff") makes the following allegations against Defendant Optable Technologies, Inc. ("Defendant" or "Optable"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent, which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 patent" or "Asserted Patent"). Intent IQ owns the '398 patent and holds all enforcement rights.

2. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Intent IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and

televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4. On information and belief, Optable is a Canadian corporation headquartered at 1435, St-Alexandre #700, Montréal, QC, Canada H3A 2G4, at which Optable can be served with process.

## FACTUAL ALLEGATIONS

5. Plaintiff placed Defendant on notice of its infringement of the Asserted Patent.

6. On February 10, 2025, Plaintiff sent a notice letter to Defendant identifying how Defendant infringes the Asserted Patent, and explained how Defendant could contact Plaintiff to discuss licensing. *See* Exhibit 1. Specifically, the notice letter explained that "[b]ased on our investigation to date, the Optable Platform directly and indirectly infringes numerous patents . . . including at least U.S. Patent No. 8,677,398 (including at least claims 1-5, 7-19, and 21-26)" and included a claim chart describing the infringement. *Id.*

7. On June 25, 2025, Defendant responded to Plaintiff's February 10, 2025, letter without addressing why Optable does not induce infringement of its customers. *See* Exhibit 2. On direct infringement Optable's response merely implied that it cannot directly infringe because it is a "hosting platform." *Id.* Optable further incorrectly alleged that the Asserted Patent is invalid in view of art raised by Meta Platforms, a defendant in a separate litigation.

8. Plaintiff replied to Defendant's letter on January 22, 2026. With respect to indirect infringement, Plaintiff explained that "[t]o the extent your contention is that Optable's customers rather than Optable itself, performs the infringing method, then Optable certainly induces that

infringement because it encourages and instructs its customers to implement the infringing solutions with the intent that they do so" and cited to the following quotation from Optable's website for support: "Optable is here to guide you through every step of the process, ensuring enhanced performance and optimized revenue for your programmatic advertising." *See* Exhibit 3.

9. On direct infringement, Plaintiff's letter emphasized its belief that Optable does perform the claimed methods. *See id.* (citing https://www.optable.co/solutions/unify-your-identity-data - "***Optable*** *assembles your identity graph* by integrating data from all available sources," and "links identifiers such as device IDs, hashed emails, PPIDs, and alternative IDs like UID 2.0 and ID5, creating connected identity clusters"). Plaintiff further noted: "[y]our reference to how specific components might be used for purposes other than infringement does not resolve any of our concerns regarding Optable's infringement." At a high level, the '398 patent concerns building and/or using cross-device associations which are based on recognizing a common-LAN connection and using those associations to take actions (such as targeting advertisements) based on cross-device profile information. Plaintiff's notice letter alleged this is what Optable (and/or its customers) does. *See id*. (citing https://www.optable.co/rent-vs-owned-identity-graphs (Optable webpage explaining "[c]omposable identity graphs simplify segmenting audiences and activating across platforms ***for targeted advertising***" and "Optable allows you to dictate how and when your [advertising] bids are enriched….')).

10. As to Optable's allegation regarding purported invalidity, Plaintiff explained that "[a]lthough the USPTO instituted an *inter partes review* based on a preliminary finding that there was a 'reasonable likelihood' that the art raised by Meta rendered the '398 patent obvious, there was no finding of invalidity. The USPTO revisited precisely the art raised by Meta in a separate proceeding which challenged only claims 1–2 of the '398 patent, and found those claims ***not***

obvious or otherwise invalid over the exact art referenced in your letter." *Id.* at 2. Plaintiff attached the relevant June 27, 2024 Notice of Intent to Issue Ex Parte Reexamination Certificate in Reexamination No. 90/015,284, and highlighted that the USPTO findings "not[ed] that 'Patent Owner's arguments… with respect to' each of 'Baig,' 'Hahn,' 'Satapati,' 'Zwicky,' 'Baal-Haness,' and 'Appelman' were 'fully considered and are persuasive,' such that 'Claims 1 and 2 are confirmed.'"

11. Plaintiff's January 22, 2026, letter then provided that "[g]iven the evidence of infringement by Optable and its customers, and the USPTO's findings that the '398 patent claims are not invalid over the exact art your letter references, we reiterate our request for a call to discuss terms and conditions for a license."

12. No resolution was reached as a result of this communication.

13. To date Optable has not substantively responded to Plaintiff's January 22, 2026, letter.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Optable in this action because Optable has committed acts of infringement within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Optable would not offend traditional notions of fair play and substantial justice. Optable, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that

infringe the Asserted Patents. *See, e.g.*, Exhibit 4 (https://www.founderstoday.news/optable-secures-over-28-millions-in-funding/); Exhibit 5 (https://ppc.land/unitys-audience-hub-how-256-million-gamers-finally-reached-brand-advertisers/).

17. Venue is proper in this District under 28 U.S.C. § 1391. On information and belief, Optable is a foreign company that is not resident in the United States and has committed acts of infringement in this District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,677,398**

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014. A true and correct copy of the '398 patent is attached as Exhibit 6.

20. On information and belief, Defendant makes, uses, offers for sale, and/or sells the Accused Instrumentalities (including the Optable Platform) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

21. Defendant's infringement has been willful. Defendant knew of, or was willfully blind to, the '398 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, Plaintiff and Defendant communicated, e.g., in the 2025-2026 time frame, regarding Plaintiff's patents and Defendant's infringement of them. In these discussions, Plaintiff notified Defendant of its infringement of the '398 patent at least as early as February 10, 2025. Despite Defendant's knowledge of or willful blindness to the '398 patent as a result of the 2025-2026 communications as well as the filing of this complaint, Defendant continued and still

continues to infringe the ’398 patent. In doing so, Defendant knew, or should have known, that their conduct amounted to infringement of the ’398 patent. Accordingly, Defendant is liable for willful infringement.

22. Defendant also knowingly and intentionally induce infringement of claims of the ’398 patent in violation of 35 U.S.C. § 271(b) by providing the Optable Platform, which is provided and specifically configured to infringe the asserted claims, to Optable customers and partners in the United States. Defendant has had knowledge of, or was willfully blind to, the ’398 patent and the infringing nature of the Accused Instrumentalities at least as early as February 10, 2025, when Defendant received Plaintiff’s communication identifying the ’398 patent and explaining that Optable infringes it. DSPs utilizing IDs provided in bid requests provided by (or derived from IDs provided by) Optable directly infringe the ’398 patent for the reasons discussed in the infringement chart attached to Plaintiff’s February 10, 2025, letter. *See* Exhibit 1 at 26-52 (covering Optable’s Indirect Infringement). As such, Defendant knew or should have known that these Optable partners and/or downstream DSPs use constituted infringement. Defendant actively instructs and encourages its customers and partners on how to use the Accused Instrumentalities. When used as instructed, Defendant’s customers and partners use components of the Accused Instrumentalities to practice the method of claim 13 of the ’398 patent and directly infringe the asserted method claims. Defendant specifically intends that its actions will result in infringement of the asserted method claims of the ’398 patent or subjectively believes that its actions will result in infringement of the asserted method claims, but took deliberate actions to avoid learning of the facts.

23. Defendant has also infringed, and continues to infringe, method claims of the ’398 patent by offering to commercially distribute, commercially distributing, making, and/or importing

components of the Optable Platform, which embody a material part of the invention of the ’398 patent. Defendant has knowledge of or is willfully blind to the fact that components of the Optable Platform are specifically made or adapted for use in an infringing manner, and there is no substantial non-infringing use to Optable’s provision of these identifiers. Accordingly, Defendant has been, and currently is, contributorily infringing the ’398 patent, in violation of 35 U.S.C. § 271(c).

24. Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the ’398 patent. A claim chart comparing independent method claim 1 of the ’398 patent to Defendant’s infringing activity is attached as Exhibit 7, which is hereby incorporated by reference in its entirety.

25. By making, using, offering for sale, and/or selling into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the ’398 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendant’s infringement of the ’398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27. Plaintiff is entitled to past damages for Defendant’s infringement of the ’398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the ’398 patent.

28. Defendant’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’398 patent,

and, specifically, enjoining further manufacture, use, sale, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the Asserted Patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff finding pre-suit and post-suit willful infringement as to the Asserted Patent;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patent;

d. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of

any issues so triable by right.

Dated: July 24, 2026

Respectfully submitted,

/s/ *Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
Mackenzie Paladino
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com
mpaladino@raklaw.com

*Attorneys for Plaintiff Intent IQ, LLC*